IN THE UNITED STATES
DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

JAMES PATRICK WHITE
#V45463
    PLAINTIFF, PRO-SE

V.                    3:23-CV-560-BJD-LLL
                    CASE NO.:

RICKY DICKSON, SECRETARY FL.D.O.C.
OFFICER JONATHAN MANCIL
NURSE JANE DOE
CAPTAIN J. STOKES
INSPECTOR BEXLEY
          DEFENDANT(S)

CIVIL RIGHTS COMPLAINT FOR
PRO-SE, PRISONER LITIGANT IN ACTIONS
UNDER 28 U.S.C. §1331 OR §1346 OR 42 U.S.C.
§1983 AND REQUEST FOR JURY TRIAL, INJUNCTIVE
AND DECLARATORY RELIEF

AND IN SUPPORT OF THIS complaint the
PLAINTIFF STATES AS FOLLOWS:

1

## I. PARTIES TO THIS COMPLAINT

### A. PLAINTIFF

1. At all times mentioned herein, Plaintiff James Patrick White is and was a prisoner of Florida Department of Corrections and is currently housed at Santa Rosa Correctional Institution 5850 East Milton Road, Milton Florida 32583

### B. DEFENDANT(S)

1. At all times mentioned herein, Defendant Ricky Dickson is and was employed by Florida Department of Corrections as Secretary for Florida Department of Corrections: 501 South Calhoun Street, Tallahassee, Florida 32399-2500 and is being sued in his official capacity.

2. At all times mentioned herein, Defendant Officer Jonathan Mancil was and is employed by Florida Department of Corrections, Suwannee Correctional Institution, 5964 U.S. Hwy 90, Live Oak, Fla. 32060 and is being sued in his individual and official capacity.

3. At all times mentioned herein, Defendant Nurse Jane Doe was and is employed by Suwannee Correctional Institution, 5964 U.S. Hwy 90, Live Oak Florida 32060 and is being sued in her individual and official capacity

4. At all times mentioned herein, Defendant Captain J. Stokes was and is employed by Florida Department of Corrections Suwannee Cor. Institution, 5964 U.S. Hwy 90, Live Oak, Fla. 32060 and is being sued in his individual and official capacity.

5. At all times mentioned herein, Defendant Inspector Bexley was and is employed by Florida Department of Corrections as an Inspector, 501 South Calhoun Street, Tallahassee Fla. 32399-2500 and is being sued in his official capacity.

At all times mentioned herein, each of the above named defendants acted under the color of state law knowing the wrongful acts perpetrated by them were illegal and carried out in violation of state tort law negligence and the United States Constitution 8th Amendment during the performance of their official duties.

## II. Jurisdiction and Venue

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. U.S.C. Section 1331 and 1343 (a)(3). Authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure

2. The United States District Court, Northern District of Florida is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## III. Prisoner Status

Plaintiff is a convicted state prisoner.

## IV. STATEMENT OF FACTS

1. On 1/30/23 at or around approximately between the hours of 5:30 - 8:30 A.M. at Suwannee Correctional Institution, Main Unit "A Close Management Confinement 24 hr Lockdown housing unit" after the feeding of Breakfast Defendant Officer Jonathan Mancil "Deliberately" had Plaintiff assigned housing cell door opened in order for his orderlies to attack Plaintiff. Plaintiff was maliciously beaten by 3 orderlies and Defendant Officer Jonathan Mancil walked in then walked out even though blood was visible. Defendant Officer Jonathan Mancil did not give no verbal orders nor even attempt to brandish his chemical agents in order to gain control over the situation He simply walked out.

2. Eventually Emergency traffick responded and ordered all involved down. Plaintiff was in the threshhold of his assigned cell when this order was given and he complied. Defendant Officer Jonathan Mancil made it his business to personally put Plaintiff in hand restraints. Plaintiff attempted to tell Defendant Officer Jonathan Mancil that he was attacked and his cell was breached and Defendant Officer Jonathan Mancil responded He know and banged Plaintiff's head against the ground busting it open and squeezing Plaintiff's buttocks then yanking Plaintiff up by extremely tight hand restraints.

3. Such behavior violated Plaintiff's 8th Amendment Right Protection Clause against Cruel and Unusual Punishment. Care, Custody and Control was violated as well as excessive and unecessary force used

4

4. Captain J. Stokes arrived and saw the blood also. Instead of being given immediate medical attention or commencing video recording per policy and procedure defendant Captain J. Stokes immediately begained to try to cover it all up by neglecting plaintiff treatment and directing his staff to put plaintiff into shower leaking blood, in hand restraints for over 30 minutes in wing 2 in F dormitory. Which was cruel and unusual.

5. All of the ordeal took place in F dormitory.

6. Eventually plaintiff was seen by medical and injuries consisted of:
    1. A busted head
    2. A busted right eardrum
    3. Lost of feeling in facial area (severed nerve)

Defendant Nurse Jane Doe negligently treated plaintiff by only wiping the blood off and then stated "Well he'll be ok". She didn't give or offer pain meds nor fully treat plaintiff treating plaintiff in a cruel and unusual manner and leaving plaintiff mentally scarred by supporting security negligence.

7. Defendant Officer Jonathan Mancil went on to falsify state documentation by writing plaintiff and 2 out of 3 of his orderlies that he had attack plaintiff disciplinary reports for fighting. The plaintiff called on camera evidence during disciplinary report investigation conducted by Officer Caspen and also alleged the physical and sexual abuse and that camera evidence that was called upon supported plaintiff's statement

5

and Disciplinary Report was non processed. Defendant Officer Jonathan Mancil also wrote the other 2 Disciplinary Reports saying his 2 orderlies that were also roommates were fighting each other but records would show that them same 2 individuals were placed back into the room with each other and 1 of the 2 individuals appealed the Disciplinary Report and it to was overturned. The falsifying of state documentation went without reprimand and Defendant Officer Jonathan Mancil did it because he knew his actions were illegal and the attempt to cover it up shows that it was deliberate.

8. Plaintiff exhausted his administrative remedies but no responses were returned to Plaintiff nor any reprimand issued.

9. Finally (Please see Exhibit 2) After pushing and exhausting grievance procedure immediate action was said to be taken and on April 12th, 2023 Inspector Bexley came out to see Plaintiff at Suwannee C.I. Main unit infirmary while plaintiff was on suicide watch suffering from the January 30th, 2023 attack. Before pressing record to conduct Interview, Defendant Inspector Bexley stated "I am going to be honest with you, I looked and the camera footage is missing" So Plaintiff asked him how are they're going to explain a missing camera esp. when there's a 1983 being considered and Defendant Inspector Bexley replied "Oh, well there's a hundred different ways to explain a missing camera. Well now that that's out of the way you're ready I just want you to keep that in mind" While conducting Interview Defendant Inspector Bexley wasn't even passionate about it and it was clear whom side he was on

Esp. At the conclusion of interview when I showed him (EXHIBIT 1) AND (EXHIBIT 2); which (EXHIBIT 1) has a 2/15/23 response and in the body of that grievance camera evidence was called upon and (Please see records) where multiple request and grievances were filed requesting protection and reservation of camera evidence for further review. There's no way to explain missing camera footage then there's the facts at hand. 3 FIGHTING Disciplinary Reports were written by Defendant Officer JONATHAN MANCI ON JANUARY 30TH, 2023 if that much is true then there has to be an incident report on file AND if that's so there has to be medical reports in file AND if there is not there should be AND to say there's no evidence is to say it was deliberately tampered with and covered up where physical, sexual, Mental, psychological and emotional abuse involved AND DEFENDANT Inspector Bexley pursued None of these leads NOR DREW light to any of it which makes it possible given his position and title He may have tampered with evidence himself or at best hindered it.

10. Plaintiff was Admitted into Mental Health In-Patient Treatment due to Anxiety, paranoia, mental and emotional stress and psychological injuries caused and triggered by The JANUARY 30TH, 2023 Attack And has had medicines changed/increase as a result of it all.

11. Florida Department of Financial Services Risk Management was notified of intent to sue (PLEASE SEE EXHIBIT 3)

## V. STATEMENT OF CLAIMS

1. Defendant Ricky Dickson Violated Plaintiff's 8th Amendment Right Treating Plaintiff In a Cruel And Unusual Manner By leaving such a situation without Reprimand. (See Exhibit 1) On 1/30/23 an Emergency Grievance was filed with Central Office And on 2/15/23 A Response was given stating such purported Grievance was Referred to Inspector General Office And subsequently Referred back to Management For Review; Nothing came of It (See Exhibit 2) Plaintiff followed up with Another Grievance with Central Office And That Response warranted Immediate Action But By that time Camera footage was said to have Been Missing even though (Records And Exhibits will show Plaintiff sought to Reserve Camera footage For Evidence Purpose; Making Defendant Ricky Dickson Office Guilty Of Deliberate Indifference Causing Plaintiff Emotional And Mental Distress caused by the Grievance Procedure in whole And the System Audacity to Cover Negligence up ESP. where Injury And Sexual Abuse is Involved. Violating State Tort Law Negligence.

2. Defendant Officer Jonathan Mancil Violated Plaintiff's 8th Amendment Subjecting Plaintiff to Cruel And Unusual Punishment By Violating Care, Custody And Control protocal And multiple Rules, policy And procedure that caused harm, injuries As well As life long physical And Emotional And Mental Injuries By having plaintiff Cell Door Open In Violation of Rule 33-601-800 where it States At the Minimum of two officers is to be present when Cell Door is opened On And under Closed Management Provision Plaintiff lost his hearing, has Severed Nerve Damage In the facial Area not limited to other

8

Injuries caused by his excessive use of force not limited to the emotional and mental distress as well as trauma from the whole ordeal not limited to the sexual abuse on his part. And violating state tort law negligence.

3. Defendant Nurse Jane Doe violated the Plaintiff's 8th Amendment right by her deliberate indifference to properly provide plaintiff with adequate and proper medical treatment by neglecting to treat and document plaintiff's injuries violating policy and procedure Article 33-602.210(14)(c) where it clearly states that following a physical or use of force incident inmates is to be on camera and examined by medical personnel and have any injuries verbally expressed or obvious to the naked eye noted and documented as well as treated. By neglecting Plaintiff treatment was cruel and unusual a punishment and is possible made injuries indefinite. Until this day Plaintiff suffers damage to his Right Ear (hearing), Severed Nerve Damage in facial area and frequent headaches. At the time Plaintiff Injuries consisted of:

1. A Busted Head
2. A Busted Right Ear Drum
3. Nerve Damage

And Defendant Nurse Jane Doe failed to treat and or document any of these injuries only wiping at blood and stating "Well he ok" and sent Plaintiff out adding to and on the Plaintiff additional emotional and mental distress by making what's policy and procedure and simple complicated. Violating state tort law Negligence.

9

4. Defendant Captain J. Stokes violated the plaintiff's 8th Amendment right by ~~the~~ prohibiting plaintiff from having medical treatment administered and attempting to cover cruel and unusual punishment perpetrated by his staff including but not limited to negligently carrying out his duties as a supervisor by not commencing camera recording or completing proper paperwork pursuant to ~~his~~ Article 33-602.210 (14)(c) where it clearly states following any reactionary use of force and or physical altercations esp. where Emergency Traffick responded a video recording should commence and until arrival evidence is not to be tampered with. By and through his negligence and cruel and unusual punishment did he cause plaintiff emotional and mental distress as well and incident report and records will reflect his negligence.

5. Defendant Inspector Bexley violated plaintiff's 8th Amendment right treating plaintiff in a cruel and unusual manner by supporting and attempting to cover up the cruel and unusual punishment plaintiff endured as stated in statement of facts. Defendant Inspector Bexley came out to see plaintiff on 4/12/23 out at Suwannee Correctional Institution Main Unit in the infirmary while plaintiff was on suicide watch triggered by the 1/30/23 incident. He stated "I'm not going to lie to you, I looked for the camera footage and it was gone." Plaintiff relayed to Defendant Inspector Bexley that a 1983 civil complaint was being considered and how is they going to explain missing camera footage and Defendant Inspector Bexley replied "Well there's a hundred different ways to explain the missing camera. So plaintiff showed him Grievance

10

Which Is In (EXHIBIT 1) Response Governed App. on 2/15/23 And In that Grievance Camera Evidence Was Called Upon Defendant Inspector Bexley then Replied "Well Somebody Dropped The Ball" And Carried on in a Non-Chalant unconcerned Manner leaving Cruel And unusual punishment And Negligence Without Reprimand or Drawing light Onto Such Behavior. Defendant Inspector Bexley Did Not even Attempt to Recover or Question Missing Evidence Placing Additional Mental And Emotional Distress upon Plaintiff.

## VI. RELIEF REQUESTED/PRAYER FOR RELIEF

WHEREFORE, plaintiff Respectfully prays that this Court Enter Judgement Granting Plaintiff:

1. A decleration that the acts And Omissions described herein Violated plaintiff's Rights under The Constitution And laws of the united states.

2. A Preliminary And Permanent Injunction Ordering Defendants Ricky Dickson And Inspector Bexley To stop Supporting Negligence And Issue Reprimand To Best Deal With issue As Claimed And Protect The Grievance Procedure.

3. Compensatory Damages In the Amount of $175,000.00 Against Defendants Officer Jonathan Mancil, Captain J. Stokes And Nurse Jane Doe, Jointly And Severally.

4. Punitive Damages In the Amount of $175,000.00 Against Defendants Officer Jonathan Mancil, Captain J. Stokes, And Nurse Jane Doe Jointly And Severally.

5. A Jury Trial on All issues triable by Jury.

6. Plaintiff's Cost in this Suit, Court Cost, filing fees, liens And to Prevent FL.D.O.C. From Placing a lien on Plaintiff's for Room And Board.

9. Any Additional Relief This Court Deems Just, proper And equitable.

## BASIS FOR CLAIMS

1. Plaintiff Re-Alleges by Reference Incorporates All The foregoing paragraphs.

2. DEFENDANT OFFICER JONATHAN MANCIL had Plaintiff Attacked Without Need or Provocation, In A Malicious And Sadistic Manner And not in A Good Faith effort To Restore Order And for No other legitimate penalogical Reason except for the Unecessary And Wanton Infliction OF Pain Violating Plaintiff's 8th Amendment Right

3. The Wrongful Acts And particular Omissions of the Defendants Was repugnant to the Conscience OF Mankind And fell Shockingly Below the Contemporary Standards of Maturing Society. These Illegal Acts Against plaintiff By the Above named Defendants During the performance OF Their Official Duties Not only Violated Plaintiff's 8th Amendment Right And Caused Plaintiff emotional And Mental Diststress And trauma But it was Also Deliberate Indifference And pure Negligence.

4. With A Reckless Disregard for the Care Custody And Control of plaintiff, thee Above Named Defendants Acted Under Color of state law And failed In their Duty to protect plaintiff from the Substantial Risk of Serious Harm. As they knew their failure To prevent the Malicious And Sadistic Mauling Inflicted upon the plaintiff Would Result In Serious Injury thus proving A Culpable

12

STATE OF MIND.

5. As especially to Defendant RICKY DICKSON, his omissions in failing to train, supervise, instruct and reprimand his employees in violation of care, custody and control. As it stands (Please see Exhibit 1) and (Exhibit 2) Defendant Ricky Dickson had direct knowledge of cruel and unusual punishment as of 1/30/23 and filed a response on 2/15/23 stating it's been referred to management for review. Video evidence was called upon and it went neglected and now it's being said video evidence is missing. Such neglect constitutes negligence, cruel and unusual treatment and deliberate indifference and has caused plaintiff emotional and mental distress due to nothing, Did nothing about it.

6. Defendant JONATHAN MANCIL had the Plaintiff assaulted and battered and went as far as falsifying state documentation to cover it all up writing disciplinary reports that was later non processed.

7. The Intentional Infliction of Mental, emotional, and Psychological distress that plaintiff will continue to suffer from is a direct and proximate result of the cruel and unusual punishment inflicted upon him on January 30th, 2023, a day plaintiff will NEVER and can NEVER FORGET. This was an intentional act, and such shows culpability by Defendants Allowing, Supporting and Covering up the attack on plaintiff Plaintiff will continue to be irreparably traumatized by the cowardly acts perpetrated by defendants. The whole of it all has inflicted upon plaintiff mental, emotional and all type of psychological stress.

8. At all times mentioned herein, All the Above named Defendants Acted with a total disregard for law, policy and procedure and knew acts was illegal. The Attack on plaintiff was just plain unexceptional and done in a malicious and sadistic manner and served no penalogical reasons "except" to instill fear, Anxiety, Nightmares, Trauma, stress Emotional and Mental And Cause Direct harm And inflict pain.

9. Plaintiff has no plain, Adequate, or Complete Remedy At law to Redress the wrongs Described within herein this Document. Plaintiff has been and will continue to be Irreparably injured by the unecessary And wanton Acts Committed by the Defendants unless this Honorable Court Grants declaratory And injunctive Relief which plaintiff seeks As well As the compensatory And punitive Damages Such As A Jury Trial will Render.

10. The injuries plaintiff sustained In this incident Are a Direct And proximate Result of January 30th, 2023 Attack with A Reckless Disregard for plaintiff's well being Including But not limited to law, policy And Procedure The injuries Inflicted upon plaintiff served no legitimate penalogical purpose And were not *de minimis*. Plaintiff will continue To Suffer From And be irreparably injured due To the January 30th, 2023 Attack And Defendants Actions to Cover it All up. A Day Plaintiff will Always Remember. Plaintiff Injuries Consisted of:
    1. A Busted Head
    2. A Busted Right Ear Drum
    3. Severed Nerve Damage
    4. Nightmares, paranoia, Anxiety, debilitating Sleep loss, And Mental, Emotional And psychological stress

Plaintiff Is permanently scarred physically, Mentally, Emotionally AND psychologically. AND symptoms Are Actually Getting worst. Nightmares plague The Plaintiff Almost Nightly. Plaintiff Awakes in cold sweats, with labored breathing AND Tremors, As A Result Of it All. Plaintiff suffers from extreme PARANOIA "OF All D.O.C. STAFF", Now coupled with extreme Anxiety AND severe TENSION. The level of fear is palpable AND REAL. Plaintiff fears his fear or to say he's In fear out of fear of what Retaliation it might cause but what is one thing for sure, plaintiff will Never be Able to TRUST ANY D.O.C. employee Again. SINCE THEN Plaintiff HAS Been Admitted into **CSU**/TCU Inpatient Mental Health Treatment AND has had his Medications increased.

11. Simply put, To Sum All this up in A Nutshell. Plaintiff Door BEING opened without The presence of Any Staff ON JANUARY 30TH, 2023 Can not be explained Due To The FACT Plaintiff is under the provision of Closed management Confinement housing. Per policy And procedure 33-601.800 (14)(c) it STATES NO cell Door is to be opened Without the MINIMUM of two staff present. This proves THAT SUCH AN ACT WAS DELIBERATE, AND DEFENDANT(S) CAPTAIN J. STOKES AND NURSE JANE DOE Knew Their ACTIONS WERE wrong According to law, morals, policy And procedure WHERE Rule 33-602.210 (14) STATES Following A REACTIONARY USE OF Force And or physical INCIDENTS NOTHING OR NOBODY is to be touched until A Camera operator Arrive And Video Camera recording commence And Then persons Are To be SEEN by Medical And Examined And have injuries Treated, Noted And Documented By not Doing so DELIBERATELY TAMPERED with EVIDENCE AND When DEFENDANT

15

Ricky Dickson's office was notified they assisted the cover up by negligently handling the grievance per policy and procedure Rule 33-103.014 which states such a purported grievance alleging any acts which "if" was true would put in jeopardy or at risk an inmate's well being it is to be forwarded to the Inspector's office and investigated thoroughly. By and through such negligent performance camera footage came up missing. Defendant Inspector Beney didn't pursue leads such as the falsified disciplinary reports that were written where camera evidence was called and main reason Disciplinary Report was non processed and in body of that witness statement sexual abuse was also alleged by plaintiff. Then also was there an Incident Report and Medical Examination Report consisting of what was written in the initial disciplinary report, and then there's the grievances and request where camera evidence was called upon where plaintiff also requested on more then a few occasions footage be reserved for further review. The system failed not by rules but by professional negligence where physical, sexual, emotional and mental and psychological abuse was involved.

12. Plaintiff exhausted all administrative remedies.

13. Most of all plaintiff met all standard requirements which and what entities him to relief.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Pursuant to 42 U.S.C. § 1997(e)(a) Plaintiff exhausted "All" Administrative Remedies

2. Please see Records Plaintiff wrote an informal Grievance that was not Returned. (EXHIBIT 4)

3. Please see records Plaintiff wrote a formal Grievance that was not Returned. (EXHIBIT 5)

4. (Please see EXHIBIT 1) Plaintiff wrote a Direct Grievance to Inmate Central Office Alleging physical and Sexual Abuse and That Grievance was Responded to on 2/15/23 stating case was referred to Inspector's Office and subsequently Referred to Management for further Review. No Action came out of it.

5. (Please see EXHIBIT 2) Plaintiff followed up with Another Direct Grievance to Inmate Central Office and That response warranted That immediate Action will be taken Regarding Allegations But then it was said Camera footage was missing

6. (PLESE SEE RECORDS) Numerous Grievances and Request was put in Requesting protection and to reserve Camera evidence for further Review (EXHIBIT 6)

7. (PIEASE SEE EXHIBIT 3) Florida Department of Corrections Department of Financial Services Risk Management was Notified of Intent to Sue.

17

## VIII. PRIOR LITIGATION

1. Plaintiff has no history of prior litigation.

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing is true and correct. Additionally, as required by federal Rule of Civil Procedure 11, I certify to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's office if there is any change to my mailing address. I understand that failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Date 5/7/23   Plaintiff's Signature: _____

Printed Name of Plaintiff: James Patrick White
Correctional Institution: Santa Rosa Correctional Institution
Address: 5850 East Milton Road
         Milton Florida, 32583

I CERTIFY AND DECLARE, UNDER PENALTY OF PERJURY, THAT THIS COMPLAINT WAS DELIVERED TO PRISON OFFICIALS FOR MAILING

ON THE 7 DAY OF MAY 20 23.


SIGNATURE OF PLAINTIFF: [signature]